IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY R. COAXUM,            ) | |
|     Plaintiff,            ) | |
|                                          ) | |
| v.                                       ) | CIVIL ACTION NO. 16-00262-N |
|                                          ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
|     Defendant.            ) | |

## ORDER

Plaintiff Sidney R. Coaxum has brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") dated April 12, 2016, denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*   With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.   (*See* Docs. 20, 21).

In response to Coaxum's brief and fact Sheet (Doc. 18) listing the specific errors upon which he seeks reversal of the Commissioner's decision, the

---

[1] On notice of the Commissioner (*see* Doc. 19 at 1 n.1), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Acting Commissioner of Social Security under Federal Rule of Civil Procedure 25(d).

Commissioner filed a motion to remand Coaxum's case for rehearing (Doc. 19) under sentence four of 42 U.S.C. § 405(g) ("The [district ]court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."),[2] representing that Coaxum does not oppose the motion.[3]

Upon consideration, it is **ORDERED** that the Commissioner's unopposed motion to remand (Doc. 19) is **GRANTED**. The Commissioner's April 12, 2016 final decision denying Coaxum a period of disability, DIB benefits, and SSI benefits is **REVERSED** and this cause is **REMANDED** for a rehearing under sentence four of § 405(g). Securing a "sentence four" remand makes Coaxum a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this cause.

In the event Coaxum is awarded Social Security benefits on the subject applications following this remand, under Federal Rule of Civil Procedure

---

[2] *See also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

[3] Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security…" However, the Commissioner filed her answer (Doc. 12) prior to requesting remand, and her motion does not set forth "good cause," other than that Coaxum does not oppose remand.

54(d)(2)(B) the Court hereby grants Coaxum's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) (applicable to SSI claims under 42 U.S.C. § 1383(d)(2)(A)) until thirty days after the date of receipt of a notice of award of benefits from the SSA.[4]  Consistent with 20 C.F.R. § 422.210(c), "the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."   If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 27th day of January 2017.

>  /s/ Katherine P. Nelson  
> **KATHERINE P. NELSON**  
> **UNITED STATES MAGISTRATE JUDGE**

---

[4] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").