IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY R. COAXUM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00262-N |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the motion for fees under 42 U.S.C. § 406(b) (Doc. 28) filed by Byron A. Lassiter, Esq., counsel of record for Plaintiff Sidney R. Coaxum.[1] The Defendant Commissioner of Social Security ("the Commissioner") timely filed a response (Doc. 30) stating that she "neither supports nor opposes" the motion.[2] Upon consideration, the Court finds that Lassiter's § 406(b) motion is due to be **GRANTED**.[3]

### I. *Background*

Plaintiff Coaxum, at all times represented by Lassiter, brought this action

---

[1] A Social Security claimant's attorney is the real party in interest to a § 406(b) award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[2] "A § 406(b) fee is paid by the claimant out of the past-due benefits awarded." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). "[T]he Commissioner of Social Security…has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

[3] With the consent of the parties, the Court designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 20, 21).

under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of an unfavorable final decision of the Commissioner denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. In accordance with the Court's scheduling order (Doc. 7), the Commissioner filed her answer (Doc. 12) to the complaint and the certified record of the relevant administrative proceedings (Docs. 13, 14), and Coaxum filed his fact sheet and brief identifying alleged errors in the Commissioner's final decision (Doc. 18). In lieu of a brief responding to those claims of error, the Commissioner filed a voluntary, unopposed motion to reverse her unfavorable final decision under sentence four of § 405(g) and remand the case to the Social Security Administration ("SSA") for further proceedings, which the Court granted. (*See* Docs. 19, 22, 23). Coaxum subsequently filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412[4] (Doc. 24), which the Court granted, awarding Coaxum $3,171.47 in EAJA attorney fees. (*See* Doc. 27).

Following remand to the SSA, an Administrative Law Judge ("ALJ") issued a

---

[4] "[S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not 'substantially justified.' 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds." *Jackson*, 601 F.3d at 1271.

favorable decision for Coaxum on his DIB and SSI applications. A notice of award computing Coaxum's past-due benefits was issued on November 13, 2018 (Doc. 28-2). Lassiter filed the present § 406(b) motion on December 7, 2018.

## II. *Analysis*

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [DIB] claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…" 42 U.S.C. § 406(b)(1)(A). "42 U.S.C. § 406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).[5]

### a. Timeliness

Federal Rule of Civil Procedure 54(d)(2), which "applies to a § 406(b) attorney's fee claim[,]" *id.*, provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after

---

[5] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

the entry of judgment." Fed. R. Civ. P. 54(d)(2). In its order remanding Coaxum's case, the Court granted "Coaxum's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b)…until thirty days after the date of receipt of a notice of award of benefits from the SSA." (Doc. 22 at 2-3). The order further stated: "Consistent with 20 C.F.R. § 422.210(c), 'the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.' " (*Id.*).[6] Coaxum's award notice was issued November 13, 2018. Therefore, Lassiter's § 406(b) motion (Doc. 28), filed less than 30 days later, is timely.

### b. Reasonableness

In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, [a court] must look to the fee agreement made by [a claimant] and his

---

[6] *See Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

attorney.

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014). "[T]he agreement, not the statute, provides the 'primary means by which fees are set.' " *Id.* (quoting *Gisbrecht*, 535 U.S. at 807).

In retaining Lassiter, Coaxum entered into an attorney fee agreement (Doc. 28-3) which provides, in relevant part, as follows: "It is understood and agreed that I will pay an attorney's fee that will be 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Commissioner, prior to any reduction under Section 1127(a) of the [Social Security] Act…It is understood that the term 'combined gross retroactive benefits', as used herein, represents the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim." The Court finds no reason to believe that this fee agreement violates § 406(b)(1)(A).

However,

> [*Gisbrecht* further] explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at 1828.

> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.,* 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.,* 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09, 122 S. Ct. at 1829.

*Thomas v. Astrue*, 359 F. App'x 968, 974-75 (11th Cir. 2010) (per curiam) (unpublished) (footnote omitted). *See also Jackson*, 601 F.3d at 1271 ("Assuming that the requested fee is within the 25 percent limit, the court must then determine whether 'the fee sought is reasonable for the services rendered.' *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828.").

The award notice does not state the amount of past-due benefits Coaxum was awarded, but does state that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee[,]" and that it had "withheld $23,100.75 from [Coaxum's] past due benefits in case [it] need[ed] to pay [his] representative." (Doc. 28-2 at 3). Neither Lassiter nor the Commissioner

challenges that amount as an inaccurate calculation of 25% of Coaxum's past-due benefits. Lassiter represents that he has petitioned an ALJ for approval of $6,000.00 in fee for his services in representing Coaxum before the SSA. *See* (Doc. 28 at 4); 42 U.S.C. § 406(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). Lassiter moves that he be allowed $17,100.75 (i.e., $23,100.75 - $6,000.00) in fees for work performed on behalf of Coaxum in this Court.[7] The Court's duty now is to determine whether it is reasonable for Lassiter to receive that amount for the work performed in this action.

Considering the amount of time Lassiter devoted to this case and the services performed (*see* Doc. 28-1), the Court finds that the benefits awarded to Coaxum are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 808. By all accounts, Lassiter appears to have obtained excellent results for his client through

---

[7] Abrogating prior Eleventh Circuit precedent, the United States Supreme Court has recently held that the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019). Lassiter's fee agreement with Coaxum nevertheless appears to limit his overall fee to 25% total of Coaxum's past-due benefits.

his efforts, and a review of the docket for this action does not indicate that Lassiter has been responsible for any significant delay. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Lassiter to receive $17,100.75 under § 406(b) in this action.[8]

### III.   *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that Lassiter's motion for fees under 42 U.S.C. § 406(b) (Doc. 28) is **GRANTED** and that Lassiter is allowed a reasonable fee under § 406(b) for work performed in this district court action in the sum of **$17,100.75**, to be paid from Coaxum's recovered past-due benefits.[9]

**DONE** and **ORDERED** this the 30th day of January 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Under EAJA's Savings Provision, 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186, "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client…" *Jackson*, 601 F.3d at 1274.  Lassiter represents that the $3,171.47 in previously paid "EAJA fees are being temporarily held in the firm's trust account for distribution to the Plaintiff…" (Doc. 28 at 6). *See Jackson*, 601 F.3d at 1274 ("The obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund. In particular, nothing in the Savings Provision commands courts to order a specific refund procedure if the claimant's attorney has already taken other steps to effectuate the refund.").

[9] Unless a party requests one, no separate judgment regarding attorney's fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).